UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**UNITED STATES OF AMERICA,**

      v.                                                                CR NO. 07-143 (JMF)

**NATHAN PETERSON,**

      **Defendant.**

## DETENTION MEMORANDUM

This matter comes before me upon the application of the United States that the defendant be detained pending trial. After a hearing, the government's motion was granted, and this memorandum is submitted to comply with the statutory obligation that "the judicial officer shall—include written findings of fact and a written statement of the reasons for the detention." 18 U.S.C. § 3142(i)(1).

## FINDINGS OF FACT

1. At approximately 8:05 p.m. on May 8, 2007, officers of the Metropolitan Police Department's 7th District Vice Office observed defendant rolling what appeared to be a marijuana cigarette while sitting in the driver's seat of a parked automobile in the 3900 block of South Capitol Street, S.W., Washington, D.C. As they approached, officers witnessed defendant place the cigarette in the vehicle's center console. During a search of the vehicle, officers recovered a plastic bag containing marijuana, two bags containing a total of fifty-seven grams of "crack" cocaine, and $6,305 in cash. Defendant repeatedly stated that he owned the vehicle, even though it was registered to his girlfriend.

2. The D.C. Superior Court mistakenly released defendant from custody on May 9, 2007.

3. At approximately 1:15 p.m. on June 16, 2007, United States Park Police conducted a traffic stop on defendant's vehicle due to a moving violation at Livingston Road and South Capitol Street, S.E., Washington, D.C. Upon a search incident to arrest, the officers found $1,400 in cash and three plastic bags cumulatively containing approximately seventy grams of "crack" cocaine worth an estimated $7,000.

## REASONS FOR DETENTION

An examination of the factors required to be considered by 18 U.S.C. section 3142(g) compels the conclusion that there is clear and convincing evidence that defendant's release on any condition or combination of conditions will not reasonably assure the safety of the community and his detention is, therefore, appropriate.

### The Statutory Standard

Defendants who are charged with an offense for which a term of imprisonment of 10 years is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801 *et seq.*), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951 *et seq.*), or the Maritime Drug Law Enforcement Act (46 U.S.C. §§ 1901 *et seq.*) are eligible for pretrial detention. 18 U.S.C. § 3142(f)(1)©. If there is probable cause to believe that the defendant committed an offense for which a maximum term of imprisonment of 10 years or more is prescribed in those three statutes, it is presumed that there is no condition or combination of conditions which will reasonably assure the appearance of the defendant and the safety of the community. 18 U.S.C. § 3142(e). In determining whether there are conditions of release that will reasonably assure the appearance of

the person as required and the safety of any other person and the community, the judicial officer is to consider:

1. The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

2. The weight of the evidence;

3. The history and characteristics of the person, including

    a. His character, physical and mental condition, family ties, employment, financial resources, length of residence in the community and community ties;

    b. Past conduct, history relating to drug or alcohol abuse;

    c. Criminal history;

    d. Record concerning appearance at court proceedings;

    e. Whether, at the time of the current offense or arrest, the person was on probation, parole, or on other release pending trial, sentencing, appeal or completion of sentence for an offense under Federal, State or local law;

4. The nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142.

An examination of these factors compels the conclusion that there is clear and convincing evidence that defendant's release on any condition or combination of conditions will not reasonably assure the safety of the community and his detention is, therefore, appropriate.

**The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug.** Defendant is charged with possessing approximately 127 grams of "crack" cocaine, $7,705 in cash, and small amounts of marijuana.

**Defendant's character, physical and mental condition, family ties, employment, financial resources, and length of residence in the community.** Defendant is a lifelong

resident of Washington, D.C.  While he is single and does not live with any relatives, defendant's child, mother, and sister(s) reside in Washington, D.C.  Defendant has lived with a friend in his current apartment for approximately two years.  Defendant has been unemployed for two years and relies on his family as his primary means of support.

**The weight of the evidence.**  The weight of the evidence is substantial.  Officers of the Metropolitan Police Department's 7th District Vice Office recovered large amounts of "crack" cocaine and cash and a small amount of marijuana after observing defendant rolling a marijuana cigarette while sitting in the driver's seat of a vehicle that he repeatedly claimed as his own.  Similarly, while conducting a search incident to arrest, United States Park Police recovered a large amount of "crack" cocaine, cash, and a small amount of marijuana.

**History relating to drug or alcohol abuse.**  At the time of his arrest on June 16, 2007, defendant tested positive for cocaine and marijuana.

**Record concerning appearance at court proceedings and prior criminal record.**
Defendant was convicted of possession of cocaine (misdemeanor) on February 19, 1998.  He received a sentence of one month of unsupervised probation and had to pay a $50 court fine.  Defendant was convicted of possession of cocaine (felony) and possession of marijuana (misdemeanor) on May 10, 2004.  For each charge, defendant received a sentence of 180 days of confinement with 180 days suspended.  He was also sentenced to two years of probation and had to pay a $50 court fine.

**Whether on probation or parole at the time of the present offense.**  Defendant was not on probation or parole at the time of his initial arrest on May 8, 2007.  However, at the time of his second arrest on June 16, 2007, charges for the previous arrest were pending.

## CONCLUSION

A weighing of all the pertinent facts compels the conclusion that the defendant should be detained pending trial. The government's case against defendant is strong. On two separate occasions defendant was found in possession of a large amount of "crack" cocaine, cash, and a small amount of marijuana. In addition to possessing approximately 127 grams of "crack" cocaine worth an estimated $12,700, defendant possessed $7,705 in cash, suggesting he is in the business of selling drugs. Considering that defendant has proffered little to rebut the presumption of his dangerousness created by the Bail Reform Act, I find by clear and convincing evidence that there are no conditions or combination of conditions I could set that would reasonably assure the safety of the community. I will, therefore, order the defendant detained without bond pending trial.

\_\_\_/s/_____
**JOHN M. FACCIOLA**
**UNITED STATES MAGISTRATE JUDGE**

**June 27, 2007**